ON MOTION FOR REHEARING.
 

 LATTIMORE, Judge.
 

 Appellant insists in his motion, that if our opinion stand it will be taken as establishing the doctrine that force is not necessary when a burglarious entry at night is charged in. the indictment. We do not so understand our opinion, but will try to make clearer the point. Mr. Archer owned a store which he testified was entered on the night of May 18, 1924. He said ‘ ‘ They came through the rear door. The house was locked when I left that night. . I did not give any one my consent to enter it.” Mr. Archer testified that a great deal of the property was recovered. In addition to the matter of the discovery of certain of the stolen property, appellant’s confession was in evidence. Examining same, we observe that he not only said in terms that they broke into the store but appellant further stated that they took out a window pane to get in. It would appear plain that one could not take out a window pane for the purpose of effecting an entry into a building without thus using force to the building. Mr. Archer’s statement that they entered through the rear door was but a conclusion on his part, evidently reached because of the fact that he found the rear door open. That appellant and his companions opened the rear door in order to afford them easy means of carrying from the store
 
 *552
 
 the plunder and loot which they took with them, would not change or affect the proposition that they committed burglary by force applied to the building when they took out the pane of glass and thus .entered.
 

 Being unable to agree with appellant’s motion, and thinking the case correctly decided, the motion for rehearing will be overruled.
 

 Overruled.